United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60913
Summary Calendar
_____

SANTOS GONZALEZ PEREZ,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(A78 173 832)
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Petitioner Santos Gonzalez Perez has petitioned for review of

an order of the Bureau of Immigration and Customs Enforcement

(BICE) reinstating his December 28, 2000, expedited removal order.

See 8 U.S.C. §§ 1225(b)(1), 1231(a)(5).  Under implementing

regulations pertaining to reinstatement proceedings, "the alien is

not entitled to a hearing before an immigration judge."  Ojeda-

Terrazas v. Ashcroft, 290 F.3d 292, 296 (5th Cir. 2002) (citing 8

C.F.R. § 241.8(a)).  "Rather, an INS officer determines (1) the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

identity of the alien; (2) whether the alien was subject to a prior order of removal; and (3) whether the alien unlawfully reentered the United States." Id.

Gonzalez Perez does not dispute that he was subject to an order of removal issued on December 28, 2000, or that he reentered the United States on or about February 1, 2001. Rather, he argues that his 2000 expedited order of removal was unlawful because it was not issued by an immigration judge and, alternatively, that the expedited order of removal violated due process because it was issued despite his valid visa. He also argues that the reinstatement of the removal order violated due process because the expedited order of removal was not lawfully issued and because "reinstating an order of removal which asserts that he is removable on invalid grounds would violate due process."

Reinstatement of a previously issued order of removal or deportation is a final order, and, as such, this court has jurisdiction to review the lawfulness of the reinstatement order. Ojeda-Terrazas, 290 F.3d at 295. We may not, however, reopen or review the merits of the 2000 removal order. See id. Gonzalez Perez is challenging the reinstatement of his 2000 removal order on the ground that the already-executed removal order is invalid. Thus, "the crux of his claim constitutes a collateral attack on the [2000] removal order." See Ramirez-Molina v. Ziglar, 436 F.3d 508, 514 (5th Cir. 2006). We may review the validity of an underlying removal order only when there is a showing of a gross miscarriage

2

of justice in the initial proceedings.  See id.  Even if, in the context of a petition for review of a reinstatement decision, we were to consider this collateral challenge to the expedited removal order, we would not grant review because Gonzalez Perez has failed to demonstrate a gross miscarriage of justice.  Accordingly, Gonzalez Perez's petition for review is

DISMISSED FOR LACK OF JURISDICTION.